# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:24-cv-80777-AMC

**CHARLES ROTSZTAJN,**

    Plaintiff,

v.

**CBW BANK,** and **PRIME RECOVERY LLC,**

    Defendants.
_____/

**UNOPPOSED MOTION TO DEFER FINAL JUDGMENT**

Plaintiff Charles Rotsztajn ("Plaintiff") submits this Unopposed Motion to Defer Final Judgment pursuant to the Order on Default Final Judgment Procedures [Doc. 37] (the "Procedures Order") issued by this Court on November 27, 2024.

**BACKGROUND AND POSTURE**

1. On June 25, 2024, Plaintiff sued CBW Bank ("CBW") and Prime Recovery LLC ("Prime Recovery") for violations the Florida Consumer Collection Practices Act ("FCCPA") and Fair Debt Collection Practices Act ("FDCPA").

2. Pursuant to the operative Complaint, CBW is the creditor of a debt allegedly owed by Plaintiff (the "Debt"). Doc. 1 at ¶¶ 7-10. On January 04, 2022, CBW was notified in writing (the "Notice") that Plaintiff was represented by an attorney and the Debt was disputed by Plaintiff. Doc. 1 at ¶ 13; Doc. 1-4. Despite knowledge of the Notice, CBW hired Prime Recovery to collect the Debt from Plaintiff. Doc. 1 at ¶¶ 20-21. On December 29, 2023, CBW, by and through Prime Recovery, sent an e-mail (the "Collection Email") directly to Plaintiff attempting to collect the

Page **1** of **4**

Debt. Doc. 1 at ¶ 34; Doc. 1-5. Plaintiff advances a total of four causes of action, two against CBW under the FCCPA and two against Prime Recovery under the FDCPA.

3. In **Count I**, Plaintiff claims CBW violated § 559.72(18) of the FCCPA by communicating directly with Plaintiff *via* the Collection Email, *see* Doc. 1-5, sent by Prime Recovery. Fla. Stat. § 559.72(18) (providing no person shall "[c]ommunicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address…."). In **Count II**, Plaintiff claims CBW violated § 559.72(6) of the FCCPA by failing to disclose to Prime Recovery that the Debt was disputed by Plaintiff. Doc. 1 at ¶ 55; Fla. Stat. § 559.72(6) (providing no person shall "[d]isclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact.").

4. In **Count III**, Plaintiff claims Prime Recovery violated § c(a)(2) of the FDCPA by communicating directly with Plaintiff *via* the Collection Email. Doc. 1 ¶¶ 29-34; 15 U.S.C. § 1692c(a)(2) ("…a debt collector may not communicate with a consumer in connection with the collection of any debt … if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address."). In **Count IV**, Plaintiff claims Prime Recovery § 1692e(8) of the FDCPA by failing to disclose the Debt was disputed by Plaintiff in the Collection Email. Doc. 1 at ¶ 64. 15 U.S.C. § 1692e(8) (prohibiting debt collectors from communicating with "any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.").

5. On October 11, 2024, CBW filed a motion to compel arbitration with respect to the claims pending against it. Doc. 29. On October 25, 2024, Plaintiff notified this Court that CBW's

motion [Doc. 29] was unopposed. On November 04, 2024, this Court granted CBW's motion and stayed proceedings as to Count I and Count II. Doc. 31. On November 20, 2024, a Clerk's Default was entered against Prime Recovery. Doc. 36.

6. On November 27, 2024, this Court issued the Procedures Order [Doc. 37] the subject of this Motion now before this Court. Pursuant to the Procedures Order, "[w]here there are multiple Defendants—some of whom are participating in the action, and some of whom are in default—file a motion to defer final judgment briefing against the defaulted defendant(s) pending resolution of Plaintiff's claims against the participating defendants." Doc. 34.

**FINAL JUDGMENT AGASINT PRIME RECOVERY SHOULD BE DEFERRED**

7. Although Prime Recovery has defaulted in the above captioned matter, Doc. 36, this action remains pending against CWB in arbitration. Doc. 31. Further, although Plaintiff has levied independent causes of action against CWB (Count I and II) and Prime Recovery (Count III and IV), the outcome of the claims pending against CWB may affect the final judgment against Prime Recovery.

8. First, Count II is premised on CWB failing to disclose to Prime Recovery that Plaintiff disputed the Debt, Doc. 1 at ¶ 55, whereas Count IV is premised on Prime Recovery failing to disclose the Debt was disputed in the Collection Email. Put differently, Count II and Count IV are alternative pleadings. Either CBW violated Fla. Stat. § 559.72(6) by failing to disclose to Prime Recovery that the Debt was disputed – **or** – if CBW did disclose to Prime Recovery that the Debt was disputed, then Prime Recovery violated 15 U.S.C. § 1692e(8) by failing to disclose in the Collection Email that the Debt was disputed. As such, if Final Judgment is entered against Prime Recovery before the resolution of the claims against CWB, said Final Judgment may require amendment to address the outcome of Count II.

9.  Second, in rendering Final Judgment against Prime Recovery, counsel for Plaintiff's reasonable attorney's fees require computation by this Court. <u>Moton v. Nathan & Nathan, P.C.</u>, 297 F. App'x 930, 931 (11th Cir. 2008) (a successful plaintiff is entitled to recover reasonable attorney's fees and costs under the FDCPA). Computation of reasonable attorney's fees requires consideration of, among other things, the degree of success obtained in the case. <u>Hensley v. Eckerhart</u>, 461 U.S. 424, 435-36 (1983) (describing the "degree of success" the "most critical factor" to determine whether lodestar attorney's fees are reasonable). As such, in addition to being influenced by the outcome of Count II against CBW in the context of damages, the outcome of the entire case are factors critical to determining counsel for Plaintiff's reasonable attorney's fees.

10. Thus, in the interest of judicial economy, to avoid amendment to the Final Judgment, and to otherwise properly calculate the amount of reasonable attorney's fees counsel for Plaintiff is entitled, final judgment against Prime Recovery should be deferred until the claims in arbitration against CBW are resolved.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3), undersigned counsel represents that counsel for Plaintiff conferred with counsel for CWB regarding the relief sought herein, and counsel for CWB advised the relief sought herein was *unopposed*.

DATED: January 7, 2025

Respectfully Submitted,

/s/ Thomas Patti
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:   Tom@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street Suite 1732
Fort Lauderdale, Florida 33309
Phone:    561-542-8550